IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Amerejuve, Inc. | § | Case No. 14-35482-- H4 |
| | § | |
| Alleged Debtor. | § | (Involuntary Chapter 11) |

PETITIONING CREDITOR RICHARD VANIK'S
EMERGENCY MOTION TO COMPEL COMPLIANCE WITH RULE 2004
[This Pleading Relates to ECF Nos. 10 and 11]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

EMERGENCY RELIEF IS REQUESTED ON OR BEFORE NOVEMBER 14, 2014.

**To the Honorable Jeff Bohm,
United States Bankruptcy Judge:**

Petitioning Creditor Richard Vanik ("Vanik") files this *Emergency Motion to Compel Compliance with Rule 2004* (the "Motion"). In support, Vanik respectfully states as follows:

## I.  SUMMARY OF THE MOTION

1. This Motion has been necessitated by the Debtor's failure to comply with subpoenas issued to it and its president (and majority shareholder), Dr. Morteza Naghavi ("Naghavi") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## II.  EMERGENCY CONSIDERATION IS REQUESTED PRIOR TO NOVEMBER 14, 2014

1. An emergency exists because the Debtor and Naghavi persistently refuse to produce bank statements and pertinent financial information. This exacerbates Vanik's very real concerns that Naghavi is causing the Debtor to secrete estate assets and deplete the estate to the detriment of all creditors. This activity by the Debtor is being conducted against the backdrop of a business operation which (according to testimony by the Debtor at the first stage of the Rule 2004 Examination conducted on October 28, 2014) has been generating over $7,000,000.00 in revenue annually, but has manipulated assets so extensively as to have generated, for 2014 alone, a payroll tax deficit that is claimed by the Internal Revenue Service already to exceed $114,000.[1]

2. This Motion is brought as a last resort. Efforts to communicate with counsel for Amerejuve and Naghavi to resolve this situation over the past week have been met with silence.

## III.  JURISDICTION, VENUE, AND LEGAL PREDICATE FOR RELIEF

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[1] The IRS filed on November 4, 2014, its Proof of Claim to this effect in this proceeding as Item No. 4 in the Claims Register. The Court is requested to take judicial notice of this Claim for purposes of this Motion.

4. The legal predicate for relief is found in 11 U.S.C. § 105 and Federal Rules of Bankruptcy Procedure 2004 and 2005.

## IV. BACKGROUND

### A. INTRODUCTION

1. This involuntary bankruptcy was initiated by the Petitioning Creditors to

(a) halt a history of highly questionable transfers of Debtor property to its principles, affiliates and insiders,

(b) compel much needed financial controls and disclosure,

(c) preserve the value of the Debtor's business, and

(d) protect the interests of the Debtor's creditors.

2. It was filed as a last resort following months of obfuscation by Naghavi regarding the Debtor's finances and business activities, and the relationship between those and the personal activities of Naghavi and other affiliated entities.[2]

### B. FILING OF INVOLUNTARY PETITION; SERVICE OF RULE 2004 NOTICES

1. On October 6, 2014, three petitioning creditors, including Vanik, initiated this involuntary bankruptcy proceeding against Amerejuve, Inc. ("Debtor"). Summons was executed on October 7, 2014.

2. On October 9, 2014, Vanik served the Debtor and its president, Naghavi, with subpoenas for Rule 2004 Examination and the Production of Documents (the "Rule 2004 Subpoenas"). True and correct copies of the Rule 2004 Subpoenas are attached as <u>Exhibit A</u>. Corresponding notices of the issuance of the subpoenas were filed on October 10, 2014 [ECF NOs. 10 and 11]. Executed returns of the two subpoenas indicating service on October 9, 2014

---

[2] As can be seen from the Rule 2004 Subpoenas, there are several affiliated entities identified therein, as to which Movant considers Naghavi to be the controlling force as to the finances of each such entity.

are attached as Exhibit B and located on the docket at ECF Nos. 15 and 16.

### C. RE-SET OF HEARING ON ORDER FOR RELIEF

1. On October 17, 2014, the Debtor filed its *Emergency Motion to Continue the October 30, 2014 Hearing on the Order for Relief*, requesting a continuance of 21 days to "obtain documents, prepare for the examinations, schedule and prepare for the petitioning creditors' depositions, prepare and file a proper answer to the petition, and be sufficiently prepared for the October 30, 2014 hearing." [ECF No. 13 at ¶ 6].

2. On October 21, 2014, the Court granted the Debtor's request, and continued the hearing on the involuntary petition to December 2, 2014 [ECF No. 14].

### D. RESPONSE TO THE INVOLUNTARY PETITION AND THE SUBPOENAS

1. On October 27, 2014, the Debtor filed its *Answer to the Involuntary Petition* (the "Answer") [ECF No. 18]. The Answer does not contest the allegation that the Debtor is not generally paying its debts as they come due. The Answer (erroneously) contests that "one or more of the petitioning creditors are not eligible to be petitioning creditors…" [ECF No. 18 ¶ 2].

2. On October 27, 2014, ***18 days after service of the Rule 2004 subpoenas***, Naghavi individually filed his *Objections to Subpoena Duces Tecum* [ECF. No. 19]. The Objections, although untimely, essentially state that the document production by the Debtor will yield "all documents showing payments by Amerejuve" to Naghavi or any of the related entities.

3. To date, the Debtor has not filed or served any objections to the Rule 2004 Subpoenas. The Debtor has produced bank statements for Amerejuve, but not for Naghavi or any of the affiliated entities.

### V. THE RULE 2004 SUBPOENAS

1. As indicated above, Vanik served two subpoenas on the Debtor and Naghavi..

2. The subpoenas requested, among other things, the production of complete bank statements and financial records of the Debtor, Naghavi, and the affiliated entities. The Debtor produced certain of its bank statements pursuant to the subpoenas.

3. However, to date, the Debtor and Naghavi have refused to produce any bank statements or financial records for Naghavi or the affiliated entities, or financial records regarding the identity and extent of Debtor's payables and creditors, even though the bank statements for the Debtor combined with the Debtor's testimony during the first phase of the Rule 2004 Examination establish that Naghavi causes the Debtor to transfer approximately $75,000 a month to himself or his affiliated entities.

### B. COMMENCEMENT OF THE RULE 2004 EXAMINATION

1. The Debtor, by and through Naghavi, appeared for Rule 2004 Examination on October 28, 2014. The Debtor was represented by Ms. Margaret McClure, and Naghavi was represented by Mr. John Wesley Wauson.

2. During the course of the examination, it became very clear that the document production requested by the Rule 2004 Subpoenas was inadequate and incomplete.

3. Most disturbingly, Naghavi testified that he causes the Debtor to transfer approximately $75,000 a month to Meditex Capital, a related Naghavi entity that does not have any separate business operations of its own, nor any sources of revenue. He asserted that this payment constitutes "management fees" incurred for the benefit of the Debtor.

### C. EFFORTS TO OBTAIN THE DOCUMENTS INFORMALLY

1. As a result of the incomplete document production on October 28, the parties agreed to adjourn the Rule 2004 Examination to allow the Debtor and Naghavi additional time to obtain and produce additional documents – specifically, the bank statements and financial

records for Naghavi and the affiliated entities.

2. On October 29, 2014, counsel for Vanik served a "follow up" letter memorializing the agreement to adjourn the 2004 Examination and outlining what additional documents must be produced pursuant to the Rule 2004 Subpoenas. A true and correct copy of that letter is attached as Exhibit C.

3. On November 5, 2014, the undersigned sent a follow up e-mail to counsel for Amerejuve and Naghavi requesting a status update on the outstanding document production. A true and correct copy of that e-mail is attached as Exhibit D. To date, the undersigned has received no meaningful response to the October 29 letter or the November 5 e-mail.

## D. CONCLUSION

1. The continued refusal to produce these easily accessible documents heightens Vanik's concerns that Naghavi is secreting Amerejuve's assets and depleting the estate.

2. Accordingly, Vanik respectfully requests that the Court order Amerejuve and Naghavi to immediately comply with Rule 2004 and produce the documents in accordance with the subpoena.

## VI. ARGUMENT AND AUTHORITY

1. As set forth above, this involuntary bankruptcy was initiated by the petitioning creditors to (i) halt a history of highly questionable transfers of Debtor property to its principles, affiliates and insiders, and (ii) compel much needed financial controls and disclosure, (iii) preserve the value of the Debtor's business, and (iv) protect the interests of the Debtor's creditors. It was filed as a last resort after months of obfuscation, ball-hiding and outright refusals to answer simple questions regarding the Debtor's finances and business activities. The obfuscation continues despite the clear command to disclose and produce pursuant to Rule 2004.

Understandably, Vanik is very concerned that is the obfuscation and delay is allowed to continue, irreparable harm to Amerejuve's creditors may ensue.

2. On the motion of any party-in-interest, this Court may order the examination of any entity pursuant to Fed. R. Bankr. P. 2004(a). Pursuant to Local Bankruptcy Rule 2004-1(e), if no response is served, the notice to conduct an examination under this rule is deemed ordered, without requiring the entry of an order. BLR Rule 2004-1(e). The Local Rules further provide that "[i]f a party to be examined has objections, that party has the burden to seek relief from the court by filing a motion to quash or for a protective order…The entity to be examined and affected parties have 7 days to respond or object to the proposed examination." BLR 2004-1(f).

3. Many bankruptcy courts, including this one, have observed that Rule 2004 examinations are akin to "licensed fishing expeditions." *In re NE 40 Partners, Ltd. Partnership*, 440 B.R. 124, 129 (*citing In re Bounds,* No. 09-12799, 2010 WL 3447683, at *5-6, 2010 Bankr.LEXIS 2983, at *14).

4. Likewise, Federal Bankruptcy Rule 2005 gives the Court authority to compel compliance, including the authority to apprehend the Debtor for willfully disobeying a subpoena issued under Rule 2004. Fed. R. Bankr. P. 2005(a).

For these reasons, Vanik respectfully requests that this Court enter an Order (i) compelling the production of the documents requested in the Rule 2004 Subpoenas, including, without limitation, all bank statements of Naghavi and the affiliated entities, and (ii) granting to Vanik any and all relief to which he is justly entitled.

DATED: November 7, 2014.

Respectfully Submitted,

**Jackson Walker LLP**

By:/s/
Lionel M. Schooler (SBN 17803300)
Matthew D. Cavenaugh (SBN 24062656)
Joel R. Glover (SBN 24187593)
Email: mcavenaugh@jw.com
JACKSON WALKER L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752 - 4200 (Telephone)
(713) 308 - 4184 (Facsimile)

**Counsel for Petitioning Creditor,
Richard Vanik, M.D.**

### CERTIFICATE OF CONFERENCE

As indicated above, the undersigned has attempted to confer with counsel for the Alleged Debtor and counsel for Dr. Naghavi on numerous occasions. To date, no agreement has been reached. The undersigned will continue to confer.

/s/ *Lionel M. Schooler*
Lionel M. Schooler

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion was served on parties in the case by ECF service the day and time it was filed and otherwise by first class mail and/or email to the Alleged Debtor, and by e-mail to the following:

Margaret Maxwell McClure, Esq.
margaret@mmmcclurelaw.com

John Wesley Wauson, Esq.
jwwauson@w-plaw.com

/s/
Matthew D. Cavenaugh