IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Amerejuve, Inc. | § | Case No. 14-35482-- H4 |
| | § | |
| Alleged Debtor. | § | (Involuntary Chapter 11) |

PETITIONING CREDITOR RICHARD VANIK'S
<u>EMERGENCY MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE</u>

---

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

EMERGENCY RELIEF IS REQUESTED ON OR BEFORE <u>NOVEMBER 14, 2014</u>.

---

**To the Honorable Jeff Bohm,**
**United States Bankruptcy Judge:**

Petitioning Creditor Richard Vanik ("Vanik") files this *Emergency Motion to Appoint Chapter 11 Trustee* (the "Motion"), and in support, respectfully states as follows:

## Summary of the Motion

1.      This involuntary bankruptcy was initiated by the petitioning creditors to (i) halt a history of highly questionable transfers of Debtor property to its principles, affiliates and insiders, (ii) compel much needed financial controls and disclosure, (iii) preserve the value of the Debtor's business, and (iv) protect the interests of the Debtor's creditors.  It was filed as a last resort following months of obfuscation by the Debtor's president (and majority shareholder), Dr. Morteza Naghavi ("Naghavi") regarding the Debtor's finances and business activities, and the relationship between those and the personal activities of Naghavi and other affiliated entities.[1]

2.      Likewise, this Motion is also a last resort.  During the course of the Rule 2004 Examination conducted on October 28, 2014, Naghavi testified that he causes the Debtor to transfer approximately $75,000 a month to Meditex Capital, a related Naghavi entity that does not have any separate business operations of its own, nor any sources of revenue.  He asserted that this payment constitutes "management fees" incurred for the benefit of the Debtor.  This activity by the Debtor and Naghavi is being conducted against the backdrop of a business operation which (according to testimony by Naghavi) has been generating over $7,000,000.00 in revenue annually, but has manipulated assets so extensively as to have generated, for 2014 alone, a payroll tax deficit that is claimed by the Internal Revenue Service already to exceed $114,000.[2] For these reasons and additional reasons set forth below, it is clear that a Chapter 11 Trustee must be appointed without delay.

---

[1] As can be seen from the Rule 2004 Subpoenas, there are several affiliated entities identified therein, as to which Movant considers Naghavi to be the controlling force as to the finances of each such entity.

[2] The IRS filed on November 4, 2014, its Proof of Claim to this effect in this proceeding as Item No. 4 in the Claims Register.  The Court is requested to take judicial notice of this Claim for purposes of this Motion.

**Basis for Emergency Relief**

3.      An emergency exists because the Debtor and Naghavi persistently refuse to produce bank statements and pertinent financial information.  This exacerbates Vanik's very real concerns that Naghavi is causing the Debtor to secrete estate assets and deplete the estate to the detriment of all creditors.  Understandably, Vanik is very concerned that if the obfuscation and delay is allowed to continue, irreparable harm to Amerejuve's creditors may ensue.

**Jurisdiction, Venue and Predicate for Relief**

4.      Jurisdiction is proper under 28 U.S.C. § 1334 and 1367, and venue is proper under section 28 U.S.C. §§ 1408 and 1409. The matter is a core proceeding under 28 U.S.C. § 157(b). The legal predicate for relief is found in 11 U.S.C. § 1104(a).

**Background**

5.      On October 6, 2014, three petitioning creditors, including Vanik, initiated this involuntary bankruptcy proceeding against Amerejuve, Inc. ( "Amerejuve" or "Debtor"). Summons was executed on October 7, 2014.

6.      On October 9, 2014, Vanik served the Debtor and its president, Naghavi, with subpoenas for Rule 2004 Examination and the Production of Documents (the "Rule 2004 Subpoenas").  True and correct copies of the Rule 2004 Subpoenas are attached as Exhibit A. Corresponding notices of the issuance of the subpoenas were filed on October 10, 2014 [ECF NOs. 10 and 11].  Executed returns of the two subpoenas indicating service on October 9, 2014 are attached as Exhibit B and located on the docket at ECF Nos. 15 and 16.

7.      On October 17, 2014, the Debtor filed its *Emergency Motion to Continue the October 30, 2014 Hearing on the Order for Relief*, requesting a continuance of 21 days to "obtain documents, prepare for the examinations, schedule and prepare for the petitioning

creditors' depositions, prepare and file a proper answer to the petition, and be sufficiently prepared for the October 30, 2014 hearing." [ECF No. 13 at ¶ 6].

8.      On October 21, 2014, the Court granted the Debtor's request, and continued the hearing on the involuntary petition to December 2, 2014 [ECF No. 14].

9.      On October 27, 2014, the Debtor filed its *Answer to the Involuntary Petition* (the "Answer") [ECF No. 18].   The Answer does not contest the allegation that the Debtor is not generally paying its debts as they come due.  The Answer (erroneously) contests that "one or more of the petitioning creditors are not eligible to be petitioning creditors…"  [ECF No. 18 ¶ 2].

10.      On October 27, 2014, ***18 days after service of the Rule 2004 subpoenas***, Naghavi individually filed his *Objections to Subpoena Duces Tecum* [ECF. No. 19].   The Objections, although untimely, essentially state that the document production by the Debtor will yield "all documents showing payments by Amerejuve" to Naghavi or any of the related entities.

11.      To date, the Debtor has not filed or served any objections to the Rule 2004 Subpoenas.  The Debtor has produced bank statements for Amerejuve.

12.      However, to date, the Debtor and Naghavi have refused to produce any bank statements or financial records for Naghavi or the affiliated entities, or financial records regarding the identity and extent of Debtor's payables and creditors, even though the bank statements for the Debtor combined with the Debtor's testimony during the first phase of the Rule 2004 Examination establish that Naghavi causes the Debtor to transfer approximately $75,000 a month to himself or his affiliated entities.

## Relief Requested

13.     Vanik respectfully seeks the entry of an order, pursuant to Section 1104 of the Bankruptcy Code, directing the Office of the U.S. Trustee to appoint an interim trustee in this Chapter 11 case.

## Legal Standard

14.     This Court has discretion to appoint an interim Chapter 11 trustee for "cause" or if such appointment is in the best interest of the estate. 11 U.S.C. § 1104(a). Section 1104(a)(1) lists four bases upon which cause may be found: fraud, dishonesty, incompetence, and gross mismanagement. These are not exclusive. Courts may also find "cause" justifying the appointment of a Chapter 11 trustee where there are inherent conflicts of interests such that the parties are "working at a cross purposes." *In re Marvel Entm' Grp., Inc.*, 140 F.3d 463, 473 (3d Cir. 1998) (citing *In re Cajun Elec. Power Coop., Inc.*, 74 F.3d 599 (5th Cir. 1996)).

## Argument

15.     By its terms, Section 1104 applies "at any time after commencement of the case[,]" and therefore may be invoked during the "gap period" in an involuntary case.  *See In re Prof'l Accountants Referral Servs., Inc.*, 142 B.R. 424, 429 (Bankr. D. Colo. 1992) ("[T]he appointment of a trustee during the gap period—before an order for relief is entered—is authorized and proper under 11 U.S.C. §§ 1104(a)(1), 105, and by analogy, 303(g).")

16.     Before a court may order a trustee's appointment during the "gap period," the movant must show as a threshold matter, a "reasonable likelihood, or probability, that this Debtor will eventually be found to be a proper involuntary debtor under 11 U.S.C. § 303 and that an order for relief will enter." *Prof'l Accountants*, 142 B.R. at 429. That test is fully satisfied here.

17.     Under Section 303(b)(1), an involuntary petition may be commenced "by three or more entities, each of which is…a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, . . . if such noncontingent, undisputed claims aggregate at least $15,325 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims. . ." 11 U.S.C. § 303(b)(1).

18.     As set forth in the Involuntary Petition, the three Petitioning Creditors collectively hold claims against the Alleged Debtor in excess of $30,000, all of which is unsecured.  As set forth in the attached affidavits, these obligations are not contingent or subject to a bona fide dispute.  *See* Exhibit C.   Nor are there legal or factual questions regarding the Alleged Debtor's liability to the Petitioning Creditors, or the amounts of their claims.  Moreover, the Debtor does not contest the allegation that it is not generally paying its debts as they come due.

19.     The facts in this case warrant the appointment of an interim trustee under 11 U.S.C. § 1104(a). While section 1104(a) enumerates four bases on which a court may find cause—fraud, dishonesty, incompetence, and gross mismanagement—those grounds are illustrative, not exclusive, *see In re Colorado-Ute Elec. Ass'n, Inc.*, 120 B.R. 164, 174 (Bankr. D. Colo. 1990) (citing *In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988)), and this Court has broad discretion when determining whether the facts before it constitute "cause." *See, e.g., In re Cardinal Industr.,* 109 B.R. 755 (Bankr. S.D. Ohio 1990) (finding the cumulative effect of various events that caused a loss of confidence in the debtor's management to "cause" for the appointment of a trustee); *Colorado-Ute*, 120 B.R. at 175 (appointing a trustee because of conflicts between the debtor's management and it creditors).

20.     "[M]ere conflicts or acrimony between debtors and creditor" do not automatically "mandate the appointment of a trustee[;]" however, courts routinely find cause when there are "inherent conflicts [that] extend beyond the healthy conflicts that always exist between debtor and creditor, or…when the parties 'begin working at cross-purposes.'" *Marvel Entm't*, 140 F.3d at 471-73 (affirming appointment of chapter 11 trustee where controlling shareholder group that took over debtor management in a hostile manner post-petition also controlled creditors of the debtor, and extreme acrimony existed between the controlling shareholder group and other creditors of the debtor who has opposed the takeover) (citing *In re Cajun Elec. Power Coop., Inc.*, 74 F.3d 599, 600 (5th Cir. 1996) (adopting on rehearing the dissent's opinion in 69 F.3d at 751)); *see also In re New Towne Dev.*, LLC, 404 B.R. 140, 149 (Bankr. M.D. La. 2009) (appointing chapter 11 trustee where members of debtor's management were engaged in disputes and half of the debtor's management owned debtor's principal creditor).

21.     Based on Naghavi's 2004 Examination testimony, it appears that Naghavi is looting Amerejuve for his own personal use, stripping Amerejuve of money to fund his other entities and / or for personal expenses.[3]   Courts have appointed Chapter 11 trustees in similar circumstances. For example, in *In re Brown*, the court appointed a Chapter 11 trustee when the debtor dissipated cash that could have been used to pay creditors "through extravagance and

---

[3] When asked about transfers from Amerejuve accounts to unidentified accounts, Naghavi testified as follows:

```
I don't know what the account number is. But as I said, if it is one of the -
- if it is Amerejuve or Amerefit or operating account or utility account,
those are all part of Amerejuve. If it is outside of Amerejuve, it would be
either MEDITEX account or American Heart Technologies' account. Those two
work as a tunnel or reservoir. So whenever there is money needed here, I will
move money from my personal account, from other accounts, whatever.  I'll
fill that up at the bank and then I loan money to this to fill it up to pay -
whatever expenses.
```

*October 28, 2014 Rule 2004 Examination Transcript*, Pages 116-117.

---

theft." Case No. 99-06393-5-JRL, 2000 Bankr. LEXIS 247, at * 29-30 (Bankr. E. D. N. C. February 24, 2000); *see also Fukutomi v. United States Trustee (In re Bibo, Inc.)*, 76 F.3d 256, 258 (9th Cir. 1995) (finding that appointment of a Chapter 11 trustee is "highly desirable to prevent looting of the estate").

22.     The undersigned counsel has repeatedly alerted Naghavi and his counsel that he should cease his campaign of corporate pilferage.  Nevertheless, Naghavi has apparently failed to heed these alerts and continues to take actions which imperil the company.  Designation of a Chapter 11 Trustee is warranted under these circumstances.

23.     Additionally, due to this campaign of corporate waste and persistent breaches of fiduciary duty, Naghavi has an irreconcilable conflict of interest with the Debtor, which very likely may have claims against him.

24.     Allowing Naghavi to stay in control of the Debtor will result in continued corporate waste and breaches of fiduciary duty, and prevent investigation of the same. Courts find grounds to appoint a Chapter 11 trustee when conflicts of interest exist. In *In re Embrace Sys. Corp.*, the Court found grounds to appoint a Chapter 11 trustee when the debtor's president sought approval of a license with a third party for whom he was a consultant. 178 B.R. 112, 128-29 (Bankr. W.D. Mich. 1995). The court held that the president held an adverse interest to the estate and should not be in charge. *Id.* at 129. Here, similarly, Naghavi has a conflict based on his looting of the debtor, creating an intolerable adverse interest to the estate.

25.     Even if this Court were to find no cause under Section 1104(a)(1), the appointment of an interim trustee is appropriate under Section 1104(a)(2). Section 1104(a)(2) authorizes the appointment of a trustee if the appointment is in the "best interests" of creditors, and gives the courts broader discretion than subsection (a)(1). *Marvel Entm't*, 140 F.3d at 474

---

("§ 1104(a)(2) 'envisions a flexible standard'"); *see also In re Bellevue Place Assocs*, 171 B.R. 615, 623 (Bankr. N.D. I11. 1994), *aff'd,* 1994 U.S. Dist. LEXIS 17409 (N.D. I11. Dec. 6, 1994).

26.     To determine best interests of creditors, courts "resort to broad equity powers…. Equitable remedies are a special blend of what is necessary, what is fair, and what is workable." *In re Hotel Assocs., Inc.*, 3 B.R, 343, 345 (Bankr. E.D. Pa. 1980). Applying those powers to appoint a trustee under Section 1104(a)(2), courts "eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interest." *Id.*

27.     Naghavi will never investigate or challenge any of the questionable transactions identified above.   An independent trustee is necessary to prevent the continued abuse of the Debtor.

WHEREFORE, premises considered, Vanik respectfully requests that the Court enter an Order (i) directing the U.S. Trustee to appoint an interim Chapter 11 Trustee for the Alleged Debtor, and (ii) grant to Vanik such other and further relief to which he is justly entitled.

DATED: November 7, 2014.

Respectfully Submitted,

**Jackson Walker LLP**

By:/s/
    Lionel M. Schooler (SBN 17803300)
    Matthew D. Cavenaugh (SBN 24062656)
    Joel R. Glover (SBN 24187593)
    Email: mcavenaugh@jw.com
    JACKSON WALKER L.L.P.
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010
    (713) 752 - 4200 (Telephone)
    (713) 308 - 4184 (Facsimile)
    **Counsel for Petitioning Creditor,**
    **Richard Vanik, M.D.**

## CERTIFICATE OF CONFERENCE

The undersigned has attempted to confer with counsel for the Alleged Debtor and counsel for Dr. Naghavi on numerous occasions.   To date, no agreement has been reached.   The undersigned will continue to confer.

/s/  *Lionel M. Schooler*
Lionel M. Schooler

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion was served on parties in the case by ECF service the day and time it was filed and otherwise by first class mail and/or email to the Alleged Debtor, and by e-mail to the following:

Margaret Maxwell McClure, Esq.
margaret@mmmcclurelaw.com

John Wesley Wauson, Esq.
jwwauson@w-plaw.com

/s/
Matthew D. Cavenaugh